**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1649

_____

B.B., by and through his Parents Catherine B.
and Jimmy B. of Philadelphia Pennsylvania,
Appellant

v.

DELAWARE COLLEGE PREPARATORY ACADEMY;
DELAWARE DEPARTMENT OF EDUCATION
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-16-cv-00806)
District Judge: Hon. Colm F. Connolly
_____

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
February 6, 2020
_____

Before: SHWARTZ, SCIRICA, and COWEN, <u>Circuit Judges</u>.

(Filed: February 11, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

B.B., by and through his parents, Catherine B. and Jimmy B., sued Delaware College Preparatory Academy ("DCPA") and the Delaware Department of Education under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482. He seeks partial review of an administrative hearing panel's decision dismissing his due process complaint as untimely. The District Court dismissed B.B.'s challenge to this decision, holding that his due process complaint was barred by the IDEA's two-year statute of limitations. Because both the hearing panel and the District Court erred in determining that the due process complaint was barred by the statute of limitations, we will vacate and remand.

I

A[1]

During the 2012-2013 school year, B.B. was identified as a student eligible for and in need of special education services, and an Individual Education Plan ("IEP") was developed for him. The IEP required, among other things, that he receive speech and language therapy.

B.B. began his 2013-2014 kindergarten school year at DCPA. The school failed to implement his IEP and failed to provide him with services the IEP required. In February 2014, DCPA expelled B.B. from riding on the school bus due to "undocumented

---

[1] "We review the allegations of the complaint and all reasonable inferences drawn therefrom in the light most favorable to [B.B.], the non-moving party." G.L. v. Ligonier Valley Sch. Dist. Auth., 802 F.3d 601, 605 n.3 (3d Cir. 2015).

disciplinary infractions." App. 66, 79. B.B.'s mother then requested that DCPA evaluate B.B., but DCPA failed to do so. On February 21, 2014, B.B. filed a due process complaint with the due process hearing board, alleging that DCPA had denied B.B. a free appropriate public education ("FAPE") by failing to provide him speech services and failing to update his IEP. In May 2014, B.B. withdrew the complaint.

Throughout spring and summer 2014, DCPA failed to evaluate B.B., provide him speech services, revise his IEP, or provide him transportation to special education services. Because of these failures, B.B.'s family withdrew him from DCPA and, in August 2014, B.B. filed a second due process complaint against DCPA, seeking only an independent education evaluations. B.B. withdrew the complaint a month later.

On April 1, 2016, B.B. filed a third due process complaint against DCPA and the Delaware Department of Education seeking compensatory education for DCPA's failure to provide B.B. a FAPE from September 2013 through September 2014.[2] As relevant to this appeal, the April 2016 complaint alleged the following conduct as having occurred after April 1, 2014:

- On May 29, 2014, B.B.'s parents signed a Permission to Evaluate ("PTE") issued by DCPA for speech and language testing, but DCPA failed to issue a PTE to conduct other requested testing.

_____

[2] Although the District Court's opinion denying the motion for reconsideration stated that the April 1, 2016 complaint was omitted from the record and that it therefore could not determine what IDEA violations formed the basis of that complaint, B.B. ex rel. Catherine B. v. Del. Coll. Preparatory Acad., Civ. A. No. 16-806-CFC, 2019 WL 949204, at *6 (D. Del. Feb. 27, 2019), the April 2016 complaint is contained in the administrative record filed with the District Court at docket number 13.

3

- DCPA failed to provide B.B. appropriate transportation to special education services.

- By the end of August 2014, DCPA had not evaluated B.B.'s educational needs, provided him speech services, or met to revise his IEP.

Defendants moved to dismiss the complaint as time-barred. Following an evidentiary hearing, the hearing panel dismissed the complaint as untimely under the IDEA's two-year statute of limitations because (1) B.B.'s parents knew of all DCPA's omissions before February 21, 2014, more than two years before the filing of the April 1, 2016 complaint; and (2) no exceptions or equitable tolling principles applied to extend this two-year limitations period.

B

B.B. filed a complaint in the District Court under the IDEA asserting that the hearing panel erred to the extent it dismissed as untimely his claims for statutory violations between April 1, 2014 and September 2014. In essence, B.B. asked the District Court to reinstate the portion of his April 2016 due process complaint based on events that happened during that five-month period. Rather than focusing on that discrete time period, the Court dismissed the complaint, holding that the April 2016 complaint was untimely in its entirety because (1) the same injuries formed the basis of all three due process complaints; (2) B.B.'s parents should have known of the alleged injuries by November 30, 2013 when they were not asked to participate in any IEP meeting; (3) B.B.'s parents actually knew of the alleged injuries by February 2014 when B.B.'s mother asked DCPA to remedy the injuries; and (4) the complaint was filed on April 1,

4

2016, over two years later.  B.B. ex rel. Catherine B. v. Del. Coll. Preparatory Acad., Civ. No. 16-806-SLR, 2017 WL 1862478, at *3 (D. Del. May 8, 2017).

B.B. moved for reconsideration, which the District Court denied because (1) there was no difference between the injuries alleged in the February 2014 complaint and the April 2016 complaint; (2) both complaints covered events from September 2013 to September 2014; (3) both complaints alleged that DCPA failed to provide speech and language services, to update B.B.'s IEP, and to conduct testing for B.B.; (4) B.B.'s parents knew or should have known of the alleged injuries by February 21, 2014, over two years before filing the April 2016 due process complaint; and (5) any alleged claims arising between April 1, 2014 and September 2014 were properly dismissed because the IDEA is not subject to the continuing violation doctrine and because B.B. had not argued that separate injuries arose after April 1, 2014.  B.B. ex rel. Catherine B. v. Del. Coll. Preparatory Acad., Civ. A. No. 16-806-CFC, 2019 WL 949204, at *5-7 (D. Del. Feb. 27, 2019).  B.B. appeals the order dismissing the complaint and the order denying reconsideration.

II[3]

---

[3] The District Court had jurisdiction under 20 U.S.C. § 1415(i)(2)(A) and 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1292(b).
    We exercise plenary review over a district court's order dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6), S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013), and apply the same standard as the District Court, N.Y. Shipping Ass'n Inc v. Waterfront Comm'n, 835 F.3d 344, 352 (3d Cir. 2016).  Thus, we must determine whether the complaint, construed "in the light most favorable to the plaintiff," Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co., 768 F.3d 284, 290 (3d Cir. 2014) (internal quotation marks and citation omitted), "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief

5

The IDEA requires participating states to provide disabled children with a FAPE, 20 U.S.C. § 1412(a)(1)(A), including "designing and implementing" an IEP "which 'must be reasonably calculated to enable the child to receive meaningful educational benefits in light of the student's intellectual potential,'" P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist., 585 F.3d 727, 729-30 (3d Cir. 2009) (quoting Shore Reg'l High Sch. Bd. of Educ. v. P.S., 381 F.3d 194, 198 (3d Cir.2004)). If a school district does not provide a student with a FAPE, a parent may file a due process complaint on behalf of her child and have an impartial due process hearing held before an administrative officer. § 1415(b)(6), (f)(1)(A); G.L. v. Ligonier Valley Sch. Dist. Auth., 802 F.3d 601, 608 (3d Cir. 2015).

---

that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), "but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements," James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012). A claim "has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014) (internal quotation marks omitted). "[T]he standards of review for an underlying dismissal order and for the denial of a motion for reconsideration of the dismissal order are functionally equivalent, because we exercise plenary review of the dismissal order as well as of the legal questions in the denial of reconsideration." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013). The District Court's determination on the statute of limitations is subject to plenary review as a conclusion of law. P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist., 585 F.3d 727, 735 (3d Cir. 2009).

In deciding a motion to dismiss, courts may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)), as well as "document[s] integral to or explicitly relied upon in the complaint," id. (emphasis omitted) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).

Section 1415(f)(3)(C) sets forth the statute of limitations for filing a due process complaint. Steven I. v. Cent. Bucks Sch. Dist., 618 F.3d 411, 413 (3d Cir. 2010). Subject to two exceptions not at issue here, § 1415(f)(3)(C) requires a parent to request a "due process hearing within 2 years of the date the parent . . . knew or should have known about the alleged action that forms the basis of the complaint."[4] § 1415(f)(3)(C); D.K. v. Abington Sch. Dist., 696 F.3d 233, 244 (3d Cir. 2012). This is sometimes referred to as the "knew or should have known" date. Thus, once the parent discovers a violation, "any claim for that violation . . . must be filed within two years of the 'knew or should have known' date." G.L., 802 F.3d at 620. If a due process complaint is not filed within two years of the date the plaintiff knew or should have known of the actions underlying the violations, then he may not base a claim on those actions. Rather, a plaintiff can seek relief only for those violations that took place within two years of the date he filed his complaint. See id.

B.B. does not argue that violations that occurred before February 21, 2014 (the date the hearing panel said his parents knew or should have known of those violations) are timely, but rather seeks reversal of the hearing panel's decision only to the extent that it dismissed as time-barred violations that occurred from April 1, 2014 to September

---

[4] This subsection also permits parents to request a hearing "in such time as the State law allows" "if the State has an explicit time limitation for requesting such a hearing under this subchapter." § 1415(f)(3)(C). Delaware's statute of limitations mirrors the IDEA's. See 14 Del. Admin. Code § 926.11.8 ("A parent or agency shall request an impartial hearing on their due process complaint within two (2) years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the due process complaint.").

7

2014, which were within two years of the April 2016 due process complaint. During that period, B.B. alleges that (1) in May 2014, DCPA failed to issue a PTE to conduct certain testing of B.B.; (2) DCPA failed to provide B.B. transportation to access special education services; and (3) by August 2014, DCPA still had not evaluated B.B., met to revise his IEP, or provided him speech services. Although DCPA had previously failed to evaluate B.B., meet to revise his IEP, or provide him with speech therapy, subsequent failures of a like nature are distinct from prior failures and themselves support cognizable violations. Moreover, these specific violations could not have been discovered in February 2014 because they had not yet occurred. Since these events took place within two years of filing the April 2016 due process complaint, any discovery of that conduct by B.B.'s parents also occurred within the two-year period.

B.B. does not seek to "sweep . . . expired claims into a single 'continuing violation.'" G.L., 802 F.3d at 625 (citation omitted). Rather, he limited his request for relief to violations that took place from April 1, 2014 to September 2014, within "the two-year time period" before filing the April 2016 due process complaint. See D.K., 696 F.3d at 248, 254 (holding that where claims are discovered over two years before the date the due process claim was filed, "claims are limited to" violations within "the two-year time period" before filing the due process complaint). His claim for compensatory education services based on conduct that occurred from April 1, 2014 to September 2014 is timely since it is based on conduct that took place, and thus could have only been

8

discovered, within two years of filing the April 2016 due process complaint.[5] See G.L., 802 F.3d at 620 (holding that where a claim is not filed within the "knew or should have known" date, "all but the most recent two years before the filing of the complaint will be time-barred"). Accordingly, the District Court erred in dismissing B.B.'s complaint, and the hearing panel erred in concluding that claims based on events that occurred from April 1, 2014 to September 2014 were untimely.

III

For all these reasons, we will vacate and remand for further proceedings concerning the conduct that allegedly occurred between April 1, 2014 and September 2014.

---

[5] While some of the events upon which relief is sought are similar to events that occurred outside the statute of limitations, "where the conduct or services at issue are ongoing to the previous two years, the claim for compensatory education services may be made on the basis of the most recent conduct or services." G.L. 802 F.3d at 624 (emphasis omitted) (quoting S. Rep. 108-185, at 40 (2003)).